HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC., | Case No. 3:19-cv-05873-RBL |
| Plaintiff, | **DEFAULT JUDGMENT** |
| v. | **AGAINST DEFENDANT BRENT BIGGS** |
| BRENT BIGGS, | |
| Defendant. | |

## DEFAULT JUDGMENT

This is a breach of contract action filed by plaintiff Ferrari Financial Services, Inc. ("FFS") against defendant Brent Biggs ("Defendant" or "Biggs") for breach of a lease agreement.

FFS now requests default judgment against Biggs for failure to appear or otherwise plead in this matter. Finally, FFS requests an award of costs and fees, to be made by motion after entry of the default.

**I.   Default Judgment**

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. See *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

Default Judgment Against Defendant Brent Biggs- 1
4819-4671-1228.1

SNELL & WILMER
Attorneys at Law
Gateway Tower West
15 W South Temple, Ste. 1200
Salt Lake City, UT 84101
(801) 257-1900

failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, this Court takes as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

FFS has satisfied the procedural requirements for default judgment. Pursuant to Rule 55(a), the clerk properly entered a default against Biggs. ECF No. 13. Because Biggs neither answered nor otherwise responded to the complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

Turning to the *Eitel* factors, the first factor considers whether FFS will suffer prejudice if a default judgment is not entered. See *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 2:14-cv-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). In this case, the clerk entered default against

Default Judgment Against Defendant Brent Biggs- 2
4819-4671-1228.1

SNELL & WILMER
Attorneys at Law
Gateway Tower West
15 W South Temple, Ste. 1200
Salt Lake City, UT 84101
(801) 257-1900

Biggs for his failure to file a responsive pleading or answer the complaint and defend the lawsuit. As a result, FFS will suffer prejudice if default judgment is not entered, as it would leave FFS with no other remedy to proceed in this case. Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); see also Fed. R. Civ. P. 8. FFS's verified complaint is well pleaded in that it adequately states the facts, circumstances, and elements of its claim against Biggs. It also properly identified the account, the account holder, and the proceeds remaining in the account. Thus, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

In assessing the fourth *Eitel* factor, the Court considers "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters.*, Inc., 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. The amount in controversy in this case is $106,317.94, after Biggs defaulted on a lease agreement and refused to pay amounts due under the agreement, based upon a vehicle's original fair market value of approximately $253,000. The Court finds that the recovery sought by FFS is proportional to the harm caused by Biggs's conduct. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is little to no likelihood of a dispute concerning material facts with the action because FFS's well-pleaded complaint, supporting declarations, and exhibits clearly demonstrate factual and

Default Judgment Against Defendant Brent Biggs- 3
4819-4671-1228.1

SNELL & WILMER
Attorneys at Law
Gateway Tower West
15 W South Temple, Ste. 1200
Salt Lake City, UT 84101
(801) 257-1900

evidentiary support for its claims, and no other evidence to the contrary has been introduced in this case.  Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177.   FFS has demonstrated proper service on Defendant, and there is no evidence that his failure to respond to the Complaint is the result of excusable neglect. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action).  Thus, the sixth *Eitel* factor weighs in favor of an entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits.  "Cases should be decided on their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, Defendant's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

While this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude this Court from entering a default judgment.  A decision on the merits is desirable, but Defendant has simply failed to file a responsive pleading, appear, or otherwise answer the complaint.  Under these circumstances, there would be nothing left to litigate if the default has been entered, but no default judgment in favor of FFS was entered.  Thus, default judgment in favor of FFS and against Defendant Biggs is warranted.

//
//
//
//
//
//

4819-4671-1228.1

SNELL & WILMER
Attorneys at Law
Gateway Tower West
15 W South Temple, Ste. 1200
Salt Lake City, UT 84101
(801) 257-1900

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff Ferrari Financial Services, Inc.'s Motion for Default Judgment is Granted. Ferrari Financial Services, Inc. is awarded its general damages of $106,317.94, as well as its reasonable attorney fees and costs, and post-judgment interest on all amounts at the default rate. Ferrari Financial Services, Inc. shall submit its motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2)(A) within 14 days after entry of judgment.

DATED this 14th day of July, 2020.

_____
Ronald B. Leighton
United States District Judge

Default Judgment Against Defendant Brent Biggs- 5
4819-4671-1228.1

SNELL & WILMER
Attorneys at Law
Gateway Tower West
15 W South Temple, Ste. 1200
Salt Lake City, UT 84101
(801) 257-1900