1

2

3

4

5              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
6                      AT TACOMA

7    FERRARI FINANCIAL SERVICES,
     INC.,
8
                         Plaintiff,
9                                                  C19-5873 TSZ
          v.
10                                                 ORDER
     BRENT BIGGS,
11
                         Defendant.
12

13        THIS MATTER comes before the Court on a Motion to Vacate Default and

14   Default Judgment, docket no. 30, filed by Defendant Brent Biggs.  Having reviewed all

15   papers filed in support of, and in opposition to, the motion, the Court enters the following

16   Order.

17   **Background**

18        In 2015, Plaintiff Ferrari Financial Services, Inc. ("Ferrari") and Biggs entered

19   into a Motor Vehicle Lease Agreement ("Lease") relating to the lease of a 2015 Ferrari

20   California (the "Vehicle").  Lease, Ex. A to Compl. (docket no. 1-1 at 3).  The Lease lists

21   Biggs's address as being in Coronado, California.  Id.  In conjunction with his October

22

23

ORDER - 1

2016 payment, however, Biggs changed the address of record to an address in

Grapeview, Washington.  Ex. B to Mink Decl. (docket no. 36-2).

According to Ferrari, the Lease was terminated in February 2018 when it regained

possession of the Vehicle.  Compl. at ¶ 13 (docket no. 1).  In June 2018, Ferrari sent a

Deficiency/Surplus Explanation to Biggs stating that he was liable for a deficiency

balance of $106,317.94.  Ex. D to Compl. (docket no. 1-4).  In April 2019, Ferrari's

attorney sent a Demand for Deficiency Balance.  Ex. E to Compl. (docket no. 1-5).

Ferrari never received a response from Biggs.[1]

In September 2019, Ferrari filed this action for breach of contract.  See Compl.

(docket no. 1).  The summons issued to Biggs listed an address in Tacoma, Washington.

Summons (docket no. 2).  When attempting to serve Biggs at the Tacoma address, the

process server learned that Biggs's ex-husband lives at the Tacoma property and that

Biggs lives in California.  Ex. 2 to Mot. for Service by Publication (docket no. 8-2).  An

attempt to serve Biggs at an address in Los Angeles, California was unsuccessful as the

property had been vacant for three to four months.  Ex. 3 to Mot. for Service by

Publication (docket no. 8-3).  The process server then tried to serve Biggs at the

Grapeview, Washington address, but was told by a neighbor that it was a vacation home

---

[1] The exhibits filed with the complaint raise questions as to whether documents Ferrari sent to Biggs were
mailed to the correct address.  See Ex. B to Compl. (docket no. 1-2) (listing Biggs's address as
Grapeview, *California*); Ex. C to Compl. (docket no. 1-3) (listing Biggs's address as Grape*vine*,
Washington).  In its Response, Ferrari submits evidence demonstrating that one of the mailings listed the
correct address on the envelope but was nevertheless returned as undeliverable.  Ex. 8 to Mink Decl.
(docket no. 36-8).  The Court, however, need not resolve this factual issue as it does not bear on the
ultimate issue of whether serving the complaint on Biggs through publication was proper.

ORDER - 2

1  used during the summer and that nobody had been seen at the home in over three months.

2  Ex. 4 to Mot. for Service by Publication (docket no. 8-4).

3      After attempts at service on Biggs had been unsuccessful, Ferrari moved ex parte

4  for service by publication.  Mot. for Service by Publication (docket no. 8).  Judge

5  Leighton granted the motion and ordered that Ferrari serve Biggs "by publication of the

6  Summons once each week in a newspaper of general circulation in Pierce County,

7  Washington and Los Angeles County, California for a period of six weeks."  Order at 2

8  (docket no. 9).  Biggs asserts that at the time this action was commenced, he was living in

9  San Diego, California.  Biggs Decl. at ¶ 5 (docket no. 32).

10      In April 2020 Ferrari moved for entry of default and in June 2020 for default

11  judgment.  See Mot. for Default (docket no. 12); Mot. for Default J. (docket no. 14).  The

12  Clerk entered default against Biggs, docket no. 13, and Judge Leighton granted the

13  motion for default judgment.  Order (docket no. 17).  The case was then transferred to

14  this Court.  See Minute Order (docket no. 27).  On December 4, 2020, an amended

15  judgment was entered against Biggs in the amount of $106,317.94 in general damages,

16  $5,000 in attorney fees, and $400 in costs plus interest.  Am. J. (docket no. 28).

17      According to Biggs, he first learned of the action against him in January 2022,

18  when he received the Writ of Execution and Order of Sale and the Sheriff's Notice of the

19  sale of the Grapeview Residence to satisfy the judgment against him.  Biggs Decl. at

20  ¶¶ 14 & 16.  Biggs now moves to vacate the entry of default and default judgment for

21  lack of notice.

22

23

ORDER - 3

1    **<u>Discussion</u>**

2           Default judgments are disfavored, and courts should decide cases on their merits

3    whenever reasonably possible.  <u>BMW of N. Am., LLC v. DinoDirect Corp.</u>, No. C11-

4    04598, 2012 WL 6000573, at *2 (N.D. Cal. Nov. 30, 2012).  Rule 55(c) permits district

5    courts to set aside the entry of default upon a showing of good cause.  Once the court has

6    entered default judgment, however, Rule 60(b) governs relief.  Fed. R. Civ. P. 55(c).

7    Biggs moves for relief from judgment under Rules 60(b)(4) and 60(b)(6) which

8    respectively provide relief when the judgment is void or for any other reason that justifies

9    relief.  With respect to Rule 60(b)(4), Biggs argues that the judgment is void for lack of

10   proper service.  Indeed, if the defendant is not properly served, a default judgment is void

11   under Rule 60(b)(4).  <u>Mason v. Genisco Tech. Corp.</u>, 960 F.2d 849, 851 (9th Cir. 1992).

12          In its motion for service by publication, Ferrari cited subsections 2 and 3 of

13   RCW 4.28.100—the Washington statute that governs service by publication.  Mot. for

14   Service by Publication at 3 (docket no. 8).  The relevant portions of that statute provide as

15   follows:

16          When the defendant cannot be found within the state, and upon the filing of
        an affidavit of the plaintiff, his or her agent, or attorney, with the clerk of the
17      court, stating that he or she believes that the defendant is not a resident of the
        state, or cannot be found therein, and that he or she has deposited a copy of
18      the summons (substantially in the form prescribed in RCW 4.28.110) and
        complaint in the post office, directed to the defendant at his or her place of
19      residence, unless it is stated in the affidavit that such residence is not known
        to the affiant, and stating the existence of one of the cases hereinafter
20      specified, the service may be made by publication of the summons, by the
        plaintiff or his or her attorney in any of the following cases:

21          . . .

22

23

ORDER - 4

(2)  When the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent;

(3) When the defendant is not a resident of the state, but has property therein and the court has jurisdiction of the subject of the action.

RCW 4.28.100(2) & (3).

Reviewing Ferrari's motion, the Court determines that Ferrari failed to meet the statutory requirements for service by publication.  To fulfill the statutory requirements of subsection 2, Ferrari needed to provide facts clearly demonstrating that Biggs:  "(1) is in fact a resident of Washington; (2) has specifically departed from Washington with intent to defraud his creditors or to avoid service of a summons; or (3) is keeping himself concealed with like intent."  Lumico Life Ins. Co. v. Adams, No. C20-5515, 2021 WL 22587, at *3 (W.D. Wash. Jan. 4, 2021) (citing RCW 4.28.100(2)).  For subsection 3, Ferrari needed to provide facts clearly demonstrating that Biggs:  (1) was not a resident of Washington; (2) has property in Washington; and (3) the court has jurisdiction of the subject of the action.  See RCW 4.28.100(3).

Ferrari's motion and the accompanying declaration, however, do not provide any facts addressing which state Biggs is a resident of, whether Biggs had intent to defraud creditors or avoid service of summons, or whether the court has jurisdiction of the subject of the action.  See Mot. for Service by Publication; Lewis Decl. (docket no. 8-1).  Instead, Ferrari merely asserted that it could not locate Biggs with reasonable effort and stated that Biggs "may intentionally be evading service."  Mot. for Service by Publication at 4.  This is insufficient to meet the requirements to authorize service by publication.  See

ORDER - 5

1  Lumico Life Ins. Co., 2021 WL 22587, at *3; Pascua v. Heil, 126 Wn. App. 520, 527,

2  108 P.3d 1253 (2005) ("A bare recitation of the statutory factors required to obtain

3  jurisdiction is insufficient; the plaintiff must produce specific facts which support the

4  conclusions required by [RCW 4.28.100].").  The Court determines that service by

5  publication was improperly authorized.

6         While motions under Rules 60(b)(1), 60(b)(2), or 60(b)(3) must be made no more

7  than one year after the entry of the judgment, motions under Rule 60(b)(4) must only "be

8  made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Ferrari argues that Biggs's

9  motion to vacate the default is not made within a reasonable time because it was brought

10 more than three months after it asserts Biggs first learned of the default judgment.[2]  But

11 the Ninth Circuit has held that there is no time limit to set aside a void judgment pursuant

12 to Rule 60(b)(4).  SEC v. Internet Sols. for Bus. Inc., 509 F.3d 1161, 1165 (9th Cir.

13 2017); see also Ahmad v. Nameplate, No. CV 96-1385, 2012 WL 3480113, at *2 (C.D.

14 Cal. Aug. 15, 2012) ("[C]ourts have held repeatedly that there is no time limit to set aside

15 a void judgment pursuant to Rule 60(b)(4).").  As such, the Court concludes that Biggs's

16 motion is timely.

17        Typically, when determining whether a default judgment should be set aside under

18 Rule 60(b), courts consider three factors:  (1) whether the defendant's culpable conduct

19

20 ────────────────────

   [2] Although Biggs claims he first learned of the judgment in January 2022, Ferrari asserts that Biggs first
21 learned of the judgment in November 2021, when it mailed the Notice of Filing of Foreign Judgment to
   Biggs's current address in San Diego.  See Biggs Decl. at ¶ 14; Resp. at 10 (docket no. 34).  The Court
22 need not determine when Biggs first learned of the judgment, however, because Biggs's motion is timely
   under either factual theory.

23

1   led to the default, (2) whether the defendant has a meritorious defense, and (3) whether

2   reopening the default would prejudice the plaintiff.  United States v. Signed Personal

3   Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).  When a final

4   judgment is void for lack of personal jurisdiction due to insufficient service of process

5   under Rule 60(b)(4), however, courts *must* set aside the judgment.  Internet Sols. for Bus.

6   Inc., 509 F.3d at 1165.  As such, when a court vacates a judgment as void for lack of

7   service of process, "the district court [is] without its normal discretion to grant or deny

8   the motion and, therefore, consideration of the merits of the defense, prejudice, or

9   culpability [is] not proper."  Id.  For this reason, the Court does not analyze the three

10  factors under Rule 60(b) and GRANTS the Motion to Vacate Default and Default

11  Judgment, docket no. 30.[3]

12  **Conclusion**

13          For the foregoing reasons, the Court ORDERS:

14          (1)      The Motion to Vacate Default and Default Judgment, docket no. 30, is

15  GRANTED.  The Court VACATES the entry of default, docket no. 13, the judgment,

16  docket no. 18, and the amended judgment, docket no. 28.

17          (2)      Biggs is DIRECTED to file any responsive pleading or motion to the

18  complaint, docket no. 1, by May 2, 2022.

19

20

21

22  [3] Since the Court grants the motion under Rule 60(b)(4), it need not address Biggs's alternative argument under Rule 60(b)(6).

23

ORDER - 7

1    (3)     The parties are DIRECTED to complete a Rule 26(f) conference by May

2    23, 2022.  The parties are further DIRECTED to produce initial disclosures pursuant to

3    Rule 26(a)(1) and to file a Joint Status Report as described in the previous order, docket

4    no. 6, by June 7, 2022.

5    (4)     The Clerk is directed to send a copy of this Order to all counsel of record.

6    IT IS SO ORDERED.

7    Dated this 6th day of April, 2022.

8

9    Thomas S. Zilly
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 8