The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERRARI FINANCIAL SERVICES, INC.,<br>Plaintiff,<br>v.<br>BRENT BIGGS,<br>Defendant. | Case No. 3:19-cv-05873-TSZ<br>**FERRARI FINANCIAL SERVICES, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

## INTRODUCTION

FFS has comprehensively responded to Biggs's interrogatories and requests for production (the "written discovery requests"), FFS has lodged appropriate objections to the written discovery requests where warranted, and FFS has also produced over 300 pages of documents during the course of discovery in this case, with two-and-a-half months of the discovery period remaining. Conversely, Biggs has failed to produce any documents—including any documents supporting his contention that his payments on the lease were current when the vehicle was repossessed in February 2018, as he has previously attested under oath several times with the Court. FFS has adequately responded to Biggs's written discovery, yet Biggs has engaged in vexatious discovery practices by needlessly and unjustifiably bringing this motion on the eve of mediation (while failing to produce any documents that he or his bookkeeper might have that would answer many of his own supposed questions).

Biggs's discovery motion now, as the parties prepare for a mediation set for January 12,



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

2023, is oppressive and burdensome. The motion seeks information that FFS has already either provided in full or lodged proper objections to.

Biggs claims he is entitled to further responses to nearly all his interrogatories, and certain requests for production. Biggs is incorrect for the following reasons: First, Biggs is trying to harass FFS by asking again for information that FFS has already provided multiple times, and/or that is equally accessible to Biggs. Second, FFS properly objected to Biggs's improper contention interrogatories, or vague and overly broad interrogatories. Yet, FFS has also provided detailed and complete responses where proper. Notably, FFS's objections to Biggs's interrogatories (when originally served) provided detailed case law authority and support, specifically stating why the interrogatories were improper. Third, FFS has fully responded to Biggs's requests for documents, and no further document production is necessary or warranted. Lastly, Biggs's request for attorney fees and costs is wholly unsupported by authority.

Consequently, Biggs's Motion should be entirely denied.

## STATEMENT OF FACTS

Biggs served discovery requests on August 16, 2022, after FFS filed its Motion for Summary Judgment and while the Motion for Summary Judgment was being briefed. FFS timely responded to those requests after being granted a brief extension on September 19, 2022.[1]

On September 26, 2022, this Court issued a two-page minute order ruling on FFS's Motion for Summary Judgment, holding that "although little factual dispute remains as to Defendant's default under the Lease Agreement…Plaintiff's apparent failure to comply with the strict

[1] In FFS's five total productions, it has produced over 300 pages of documents, including the vehicle lease, the payment account history for the vehicle, correspondence to Biggs including the Notice of Default, Notice of Rights, and Deficiency Notice, the internal Ferrari correspondence address the surrender of the Vehicle at the Houston dealership and FFS's decision to treat the vehicle as voluntarily surrendered after Biggs refused to return multiple phone calls after the vehicle had been abandoned, the lease close-out form completed by FFS, all of the documents provided by Manheim regarding the vehicle's condition and sale, all of the 2017 account invoices. FFS has also produced additional information obtained from third parties and other cases that Biggs has been a party to, which indicate that he knowingly made false statements about his residence and his default on the lease in prior sworn declarations with this Court. (See generally, Declaration of Tanya N. Lewis (Lewis Decl.), filed concurrently herewith.)

requirements in Cal Civ. Code 2987(d)(2)(B) may preclude Plaintiff's recovery of damages (citations omitted)." [ECF No. 59.] The Court also ordered that the parties exchange written settlement demands on or before December 26, 2022, and attend mediation no later than January 26, 2023. *Id.* On October 11, 2022, FFS filed a Motion for Reconsideration [ECF No. 62], requesting that the Court reconsider its ruling on the Motion for Summary Judgment, and requesting that if this Court did not grant the Motion for Reconsideration, that it issue detailed findings of fact, conclusions of law, and an order with its factual and legal analysis surrounding Biggs's breach of the agreement and FFS's compliance with the CVLA [ECF No. 62, 2:11-15.]

On October 17, 2022, the Court ruled on the Motion for Reconsideration, homing in on an issue that the Court acknowledged was not previously detailed in either party's summary judgment briefing. [ECF No. 63, p 2.] The Court pointed to additional language included in FFS's NOR that elaborated on how FFS defined the appraised value of a vehicle, and ruled that FFS meaningfully changed the language of the statute in the Notice of Rights in a manner that failed to satisfy the CVLA's requirements. *Id.*[2]

On November 14, 2022, FFS formally disclosed documents obtained from Manheim pertaining to the vehicle's condition at sale,[3] and all of the vehicle invoices from January 2017 to December 2017.

On December 16, 2022, FFS disclosed and produced additional documents in anticipation of conducting depositions in January 2023, in advance of the February 27, 2023 discovery cutoff. These documents, include correspondence from two non-party witnesses, Jesse Wills and Jason Fine. They also include publicly available court filings from Mason County, Pierce County, and Florida courts involving other cases to which Brent Biggs is a party, including a case in which

---

[2] FFS does not admit or stipulate that the additional language which merely clarified the means of determining appraisal value meaningfully changed the language required by the CVLA or rendered it invalid; rather, FFS is simply stating the findings and order of the Court.

[3] Biggs had obtained documents from Manheim pursuant to subpoena, but never formally disclosed them, and only provided an incomplete set of documents in a filing dated September 15, 2022, which inaccurately portrayed the vehicle's sale at auction as being lower than its actual sale amount. [ECF No. 53.] This was rejected by the Court. [ECF No. 61.]



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

Biggs and Jacob Wills apparently were involved in a physical altercation in 2016, and a protective order case filed by Biggs against Jacob Wills in 2021.

These two witnesses, Jesse Wills and Jason Fine, independently contacted FFS with evidence to contradict prior sworn statements that Biggs attested to and filed with this Court. Fine contacted FFS to advise that Biggs's multiple statements to the Court that he has never resided at the 3611 N. Union address were false, and that Biggs resided at 3611 N. Union as recently as April 2022. Fine also disclosed that he (Fine) had personally visited the residence at 3611 N. Union in 2022 as an invited social guest of Biggs and his family. See Correspondence of Jason Fine, attached as Exhibit 1. Wills apparently contacted FFS (after FFS responded to Biggs's written discovery requests) with information within his personal knowledge about the condition of the vehicle when it was surrendered, as well as Biggs's instructions to his bookkeeper, Candice Wills, to stop payments on the lease. Jesse Wills also alleged that Biggs gave permissive use of the vehicle to Jacob Wills, an underage driver, and that the vehicle was in poor condition shortly prior to its surrender:

> "Hello, I'm not sure if the case number is correct, but I was informed that Mr. Brent Biggs has been blatantly dishonest in his rebuttal. I'd be happy to clear things up. The car was not taken without permission, he was in a relationship with my brother and it was given to him as well as an apartment in Baton Rouge. They had a dispute and when I recovered the car, it had transmission issues. My mother was informed to not pay the Ferrari lease any longer after Mr. Biggs requested I drop it off at the Houston dealership."

See Email of Jesse Wills, attached as Exhibit 2.

## LEGAL AUTHORITY AND ARGUMENT

### A. Legal Standard

While the scope of permissible discovery in a civil action is broad, it is not without limit. *Chandola v. Seattle Housing Authority*, C13-557-RSM, 2014 WL 4685351 *2 (W.D.Wash., September 19, 2014). Litigants in a civil action are entitled to discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

the case." Fed. R. Civ. Proc. 26(b)(1). In determining what is "relevant" and "proportional," the district court must consider the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Delgado v. Tarabochia*, No. C17-1822RSL, 2018 WL 2088207 *1, (W.D. Wash., May 4, 2018.) The Court must limit discovery that is not proportional to the needs of the case. *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). Courts may limit unreasonably cumulative, overly broad, unduly burdensome, or irrelevant discovery. Fed. R. Civ. Proc. 26(b)(2)(c). Even if a party has not moved for a protective order, the court should temper any order requiring production of documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." *Nw. Home Designing, Inc. v. Golden Key Const., Inc.,* No. 11–5289, 2012 WL 470260, at *2 (W.D.Wash., Feb.10, 2012)(citing Fed. R. Civ. P. 26(c)(1)). A party may object to a request for production, and the grounds must be stated with specificity. Fed. R. Civ. Proc 34(b)(2), see also *Gray v. Suttell & Associates*, No. CV-09-251-EFS, 2011 WL 13090761 *2 (E.D. Wash., March 4, 2011). A party moving to compel discovery bears the burden of demonstrating that the information it seeks is relevant and that the responding party's objections lack merit. Fed. R. Civ. Proc. 37(a)(1); see also *Hancock* at 389.

**B. <u>FFS has complied with discovery obligations and produced information proportional to the needs of the case particularly in light of this Court's intervening rulings; Biggs has produced no documents.</u>**

With regard to FFS's interrogatory responses, Biggs's Motion to Compel and accompanying declaration of counsel do not thoroughly explain what exactly what Plaintiff believes FFS failed to answer, beyond the substantial information FFS has already provided. Biggs's Motion does not articulate the information Biggs thinks is lacking, why Biggs believes the



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

information that FFS already provided is inadequate, or how the "missing" information is relevant to Biggs' claims and defenses beyond what has already been provided. (See generally Motion to Compel, pp. 4-5; see also Springstroh Decl., ¶ 17.) With regard to the requests for production, Biggs requests that FFS provide additional documents in four categories: (1) communications and documents related to the disposition of the Vehicle; (2) communications and documents related to Biggs's performance of the Lease; (3) communications and documents relating to Biggs's account and payment records; and (4) documents evidencing FFS's protocols relating to surrendered or repossessed vehicles. (Motion to Compel, pp. 3-4; Springstroh Decl. ¶¶ 11, 20.)

FFS has already provided substantial documentation and information provided in FFS's disclosures, employee declarations, and written discovery responses to date with regarding to the above issues. In essence, Biggs seeks an order instructing FFS to supplement its already-sufficient written discovery responses with already-produced information. Biggs fails to cite a single case for the proposition that FFS's discovery responses are inadequate. As seen below and in the Lewis Decl., FFS has already produced more-than-sufficient information and documentary evidence satisfying Biggs's requests (particularly given the Court's intervening rulings and documents produced after that time), especially considering the requisite factors, including the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Specifically, FFS has produced, among other documents: the vehicle payment history, correspondence sent to Biggs at the addresses Biggs provided (both before and after the final default), the account invoices for 2017, documents pertaining to the vehicle's surrender at the Houston dealership and transfer to Manheim for resale,

the lease close out form, and all documents in its possession that FFS obtained from Manheim about the vehicle's condition prior to resale. (See Lewis Decl.; ¶¶ 2-3; 5.) Conversely, Biggs has produced no documents – including documents that would be within his own custody and control, such as his correspondence with his bookkeeper and his own bank account records showing, for example, that the disputed payments were made. As demonstrated below in further detail, FFS has satisfied its discovery obligations in this case, and Biggs's Motion should be denied in its entirety.

**1. FFS Responded To Biggs's Interrogatories.**

Biggs's interrogatories mostly consist of so-called "contention" or "blockbuster" interrogatories which ostensibly would have required FFS to identify "'each' or 'any' person having knowledge, information, or documents" regarding the general facts, claims, and defenses of the case (see, e.g., Interrogatory No. 1, 3, 4, 5, 7, 8, 11); to identify "all communications" (Interrogatory 2); to identify "all steps" or "all ways" (Interrogatory No. 10, 14), and to identify "each lawsuit or legal action" (Interrogatory No. 17). Courts in this district have repeatedly found such general contention interrogatories to be overly broad and unduly burdensome, and similar motions to compel detailed responses to such interrogatories have consistently been denied. *See Olson v. City of Bainbridge* 2009 WL 1770132, *4, June 18, 2009, CO8-5513RJB., ("Plaintiff's objection [to interrogatory requiring party to state 'each and every' action] is well taken. This interrogatory is overly broad. Moreover, Plaintiff has provided an answer and states that he will supplement his answer as the litigation proceeds.") Moreover, <u>in its very responses served on September 19, 2022</u>, FFS provided additional case law pointing out to Biggs in the written discovery responses the improper nature of the interrogatories.

> "Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for "each and every fact" and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome.'" *Miles v. Shanghai Zhenhua Port of*



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

> *Machinery Co., LTS.*, 2009 WL 3837523, at *1 (W.D. Wash. 2009) (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007); *see also S.E.C. v. Berry*, 2011 WL 2441706 (N.D. Cal. June 15, 2011) ("Contention interrogatories asking for 'each and every fact,' or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome"); *see e.g., Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, 2013 WL 5671460 (E.D. Cal. Oct. 17, 2013) ("Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories"); *In re eBay Seller Antitrust Litigation*, 2008 WL 5212170 (N.D. Cal. December 11, 2008) (finding interrogatories that ask for "all facts" to be overbroad and unduly burdensome on their face); *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998) (finding "each and every fact" interrogatories are overly broad and unduly burdensome and explaining that such interrogatories "too often require a laborious, time-consuming analysis, search and description of incidental, secondary, and perhaps irrelevant and trivial details.").

(See, e.g., Response to Interrogatory No. 14; objections to Biggs' other contention interrogatories are similar or identical.) Despite the generally improper nature of Biggs's contention interrogatories, FFS responded to the interrogatories, providing detailed information about topics sought. FFS lodged objections where appropriate, and also provided detailed information identifying FFS employees and giving further information regarding the breach of the lease, the surrender of the vehicle, and the notices provided to Biggs, and the transfer of the vehicle to Manheim for post-repossession sale. (See Interrogatory Responses, generally.) Furthermore, FFS incorporated the sworn declarations of Patrick Granger by reference in its responses, previously provided to Biggs and filed with this Court, containing detailed information about Biggs's requested subjects such as account servicing, the process by which FFS processes surrendered and repossessed vehicles such as Biggs's, and how FFS understands that Manheim evaluates and prices vehicles for sale. (Lewis Decl, ¶¶ 4; 6.)

Biggs's Interrogatory 6 is overly broad and ambiguous, and does not require supplementation, particularly given this Court's intervening ruling that there is little question as to Biggs's breach of the lease. ("Explain how communications and actions taken on the Account are documented and logged, where the computer data is stored, and when and how the system is backed up." (See Interrogatory No. 6)). Furthermore, such a request encroaches on the



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

proprietary and confidential nature of FFS's business operations. As such, FFS's objection was proper at the time, and remains proper. Interrogatories 9, 10, 12, 13, 15, 16 are sufficiently complete and detailed responses.

Based on the foregoing, FFS has lodged appropriate objections and has sufficiently answered Biggs's interrogatories, and no further response to the interrogatories is warranted. Biggs's motion should be denied.

**2. FFS Responded to Biggs's Requests for Production.**

As with the interrogatory responses, FFS adequately responded to Biggs's requests for production, and has produced over 300 pages of documents. Regardless, Biggs now claims that he is entitled to supplemental responses and yet more documents pertaining to communications and documents related to (1) the disposition of the Vehicle, (2) Biggs's performance of the Lease, (3) Biggs's account and payment records, and (4) FFS's protocols relating to surrendered or repossessed vehicles. (Motion to Compel, pp. 3-4; Springstroh Decl. ¶¶ 11, 20.)

Considering the procedural limits of Rule 26(b)(1) as set forth above, these requests to supplement are without merit. First, FFS has already provided Biggs with documents pertaining to the disposition of the vehicle multiple times, including the lease close out form, the transmission documents to Manheim, the Manheim sales records for the vehicle, the internal Ferrari correspondence regarding the surrender of the vehicle while the account was in default, Biggs's refusal to return phone calls, and the ultimate decision to repossess the vehicle for voluntary surrender and process it for resale. FFS has adequately responded to this request. (See Lewis Decl., ¶¶ 2-3; 5; 7.)

Second, FFS has already fulfilled its discovery obligations regarding Biggs's performance of the lease, demonstrating that Biggs defaulted on the lease by failing to make payments when due. FFS has produced correspondence—multiple times—that was sent to Biggs regarding the late payments and default, internal correspondence documenting his failure to pay, and the vehicle account history detailing the late and missed payments. (See Lewis Decl., ¶¶ 2;



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

4.)

Third, FFS has adequately responded to Biggs's document requests concerning his account and payment records. FFS has produced the payment history showing the missed payments, the 2017 invoices, the internal FFS account records and emails showing missed payments, and correspondence to Biggs advising him of the default. (See Lewis Decl., generally.) The Court has already acknowledged that there is little question that Biggs defaulted on the lease (ECF No. 59, (2)), and Biggs himself has not produced a shred of documentary evidence to support his contention to the contrary, offering only a weak attestation in a declaration that he "believed" the payments were being made. [See e.g, ECF No. 48, ¶¶ 8 and 11.] Consequently, FFS has more than fulfilled its discovery obligations here.

Lastly, FFS has already produced documents relating to surrendered or repossessed vehicles. FFS has produced detailed information in the Patrick Granger declaration, and internal FFS emails demonstrating that when a lease goes into default and a vehicle in default is surrendered at a Ferrari location, as was done here, the vehicle is handled as a repossession and then processed for resale. FFS has produced documents responsive to this request. (See Lewis Decl., ¶¶ 4-6.)

**C. <u>Biggs's request for attorney fees should be denied, and in fact, FFS should be entited to its fees for the expenses of responding to this meritless motion.</u>**

The Court should deny this motion and deny Biggs's request for attorney fees because FFS has complied with Biggs's discovery requests, FFS's objections were proper, and FFS has responded where appropriate. FFS should be awarded its fees for the expense of responding to this baseless motion. Notably, Biggs's Motion to Compel offers no case law or other support for his request for attorney fees and costs. However, even if the Court were to grant the motion in part, an award of attorney fees is not justified here. Attorney fees should not be awarded on a



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

motion to compel if a movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, if the opposing party's nondisclosure, response, objection was substantially justified, or if other circumstances made an award of expenses unjust. See, e.g., *Head v. Home Depot, U.S.A., Inc.*, 2019 WL 1572369 *3, W.D. Washington – Tacoma, April 11, 2019, Case No. 18-5892 RJB); *see also Olson v. City of Bainbridge* 2009 WL 1770132, *10-11, June 18, 2009, CO8-5513RJB (motion for sanctions denied when motion to compel was granted in part, and denied in part.)

Indeed, as demonstrated above, FFS has responded already—more than adequately—to Biggs's interrogatories and requests to produce. FFS has provided detailed information from FFS witnesses, produced documents, and presented proper objections where appropriate.

Based on the foregoing, FFS has more than substantial justification for opposing the Motion, and Biggs provides no supporting case law or other authority for the proposition that he should be entitled to fees. Biggs's written discovery requests were overly broad and burdensome, seek information unrelated to the issues presented by this case, seek information already in Biggs's possession or control, and request information that Biggs could equally determine by simply reviewing FFS's prior discovery or consulting with Biggs's own witnesses. This should be apparent to Biggs's counsel as these issues were raised in the objections to the original responses. On all of the foregoing grounds, the Motion should be denied in total.

## CONCLUSION

Based on the foregoing, Biggs's Motion to Compel fails. First, Biggs's Motion is an attempt to harass FFS by once again asking for information that FFS has already provided to him or that is equally accessible to Biggs. Second, FFS has objected to Biggs's interrogatories on the



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

grounds they are vague, overly broad , or improper contention interrogatories. Nonetheless, in a good faith effort to cooperate in discovery, FFS has also provided detailed and complete responses where proper. Third, FFS has fully responded to Biggs's requests for documents and no further document production is necessary or warranted. Lastly, Biggs's request for attorney fees and costs are wholly unsupported by authority because FFS adequately responded to the requests and is justified in opposing this Motion. Consequently, Biggs's Motion should be denied in its entirety.

DATED: December 19, 2022.

SNELL & WILMER L.L.P.

By: */s/ Tanya N. Lewis*
Daniel S. Wittenberg, WSBA #36518
Tanya N. Lewis, WSBA #31032

*Attorneys for Plaintiff Ferrari Financial Services, Inc.*



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Utah by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Binah B. Yeung
Nicole Springstroh
Cairncross & Hempelmann
524 2nd Ave, Ste 500
Seattle, WA 98104-2323
byeung@cairncross.com
nspringstroh@cairncross.com

*Attorneys for Defendant*

DATED: December 19, 2022.

*/s/ Susan Ballif*
An Employee of SNELL & WILMER L.L.P.

4896-1760-2884



SNELL & WILMER
506 Second Ave, Ste. 1400
Seattle, WA 98104
206-741-1402